UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALLERGY SOLUTIONS, INC., ET AL.                CIVIL ACTION

VERSUS                                          NO. 05-2865

UNITED HEALTHCARE OF LOUISIANA, INC.            SECTION "L"

### ORDER AND REASONS

Before the Court is Defendant United Healthcare of Louisiana, Inc.'s ("United") Motion to Dismiss Pursuant to FRCP 12(b)(6). This motion came on for hearing on November 23, 2005. Upon review of the parties' arguments, the Court converted this motion into a motion for summary judgment and reset the date for hearing to March 17, 2006. For the following reasons, the motion is hereby DENIED. However, because it is facially apparent that the Court lacks subject matter jurisdiction over this case, the action is hereby REMANDED to the 24th Judicial District Court for the Parish of Jefferson, Louisiana.

## I. Factual and Procedural Background

This case deals with the payment of insurance claims under health insurance plans offered by Defendant United Healthcare of Louisiana, Inc. Plaintiff Allergy Solutions of Louisiana ("Allergy Solutions") operates a number of medical clinics which are primarily located in Jefferson Parish, Louisiana. As has become customary in medical practice, Allergy Solutions received assignments of rights from its patients for payment of covered medical services due under health insurance plans provided by United. Between June 23, 2004 and August 23, 2004, Allergy Solutions claims that it submitted proofs of loss to United, and that United did not pay these claims until February 2005. Moreover, Allergy Solutions alleges that United refused to pay

-1-



these claims until the Louisiana Department of Insurance intervened on behalf of Allergy Solutions.

Allergy Solutions filed the instant suit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, on June 14, 2005.  Allergy Solutions only seeks penalties, costs, and attorneys' fees under the provisions of Louisiana Revised Statutes section 22: 657, *et seq.*, which address the bad faith of insurance companies in processing claims.

United filed a timely Notice of Removal to this Court on July 14, 2005, and argued that the Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1332(a).  United argues that the Plaintiff's claims "relate to an employee welfare benefit plan" and as such are covered by ERISA.

On August 18, 2005, United filed the instant Motion to Dismiss the claims of Allergy Solutions.  Due to Hurricane Katrina, the original hearing date was reset to November 23, 2005. Upon review of the parties' arguments, the Court found that this motion was more appropriate for disposition via a motion for summary judgment, and set a new hearing date for March 17, 2006.  *See Bolen v. Dengel*, 340 F.3d 300, 312 (5th Cir. 2003) (noting the power of a district court to convert a motion to dismiss into a motion for summary judgment).  The Court is in receipt of Plaintiff's affidavit in opposition to summary judgment; however, no amended brief was submitted by the Defendant.

## II. Defendant's Motion to Dismiss/Motion for Summary Judgment

In support of its Motion to Dismiss, United argues that ERISA completely preempts the statute under which Allergy Solutions seeks recovery, Louisiana Revised Statutes section 22:657. In response, Allergy Solutions argues that the employee welfare benefit plan at issue is a

governmental plan issued by the City of Kenner, Louisiana, and as such, is exempt from Title I of ERISA. However, United argues that Allergy Solutions' complaint is too vague to support any inference that the plan at issue is a governmental plan exempt from ERISA.

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). To oppose a motion for summary judgment, the non-movant cannot rest on mere allegations or denials but must set forth specific facts showing that there is a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 321-22 (1986).

Plaintiff has alleged that the plan at issue in this case was provided by the City of Kenner, Louisiana. ERISA does not apply to employee benefit plans that are "government plans[,]" that is, plans that are "established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing." 29 U.S.C. 1002(32) & 1003(b)(1). *See also Hightower v. Texas Hospital Ass'n*, 65 F.3d 443, 449 (5th Cir. 1995) (discussing the rationale behind the government plan exemption).

Plaintiff's Petition for Damages does not contain reference to Plaintiff's theory of the "government plan" exception, although Plaintiff argues that it applies. Plaintiff has submitted an affidavit and letter on behalf of the City of Kenner, Louisiana. The letter, signed by the Human

Resources Director for the City of Kenner, states that the Defendant was the health insurance provider for the City of Kenner during the period in question in this case. The affidavit of Vincent Bruno states that the plan at issue for the City of Kenner covered all employees that assigned their rights to Plaintiffs in this matter.

The submissions of the Plaintiff appear to resolve this matter, particularly given that the Defendant has offered no evidence in opposition. Although Defendant disputes this fact in its briefs, the City of Kenner clearly qualifies as a "political subdivision" of the State of Louisiana within the meaning of 29 U.S.C. 1002(32). *See* Kenner, La. Home Rule Charter § 1.01 (2003) (incorporating City of Kenner as a political subdivision of the State of Louisiana, pursuant to La. Const. Art. XIV § 40), *available at* http://www.kenner.la.us/images/charter.pdf. While the plan at issue is offered and administered by a private insurer, United Healthcare of Louisiana, a "governmental plan" under the ERISA exception is any plan purchased by the city for its employees, even if the plan is offered by a private insurer. *See Fromm v. Principal Health Care of Iowa, Inc.*, 244 F.3d 652, 653-54 (8th Cir. 2001). The "governmental plan" exception would apply in this case; thus, ERISA is not applicable to this dispute. Accordingly, Defendant's Motion to Dismiss or for summary judgment is DENIED.

Defendant predicated its removal to this Court based upon the Court's federal jurisdiction under ERISA. However, because ERISA does not apply to this dispute, the Court must inquire as to whether any other basis for federal jurisdiction exists. *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("[i]t is incumbent upon all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking"). There does not appear to be any other basis for federal jurisdiction in this case. The parties in this matter are all

Louisiana citizens; thus, diversity jurisdiction is lacking.  Moreover, there is no alternative statutory predicate for federal question jurisdiction.  Accordingly, the Court must remand the matter to state court.

## III. Conclusion

Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(6), previously converted by the Court into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, is hereby DENIED.  IT IS FURTHER ORDERED that the case is REMANDED to the 24th Judicial District Court for the Parish of Jefferson, Louisiana.

New Orleans, Louisiana, this __28th__ day of March, 2006.

UNITED STATES DISTRICT JUDGE