## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALLERGY SOLUTIONS, INC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-2865** |
| **UNITED HEALTHCARE OF LOUISIANA, INC.** | **SECTION "L"** |

### ORDER AND REASONS

Before the Court is Defendant United Healthcare of Louisiana, Inc.'s ("United") Motion for Reconsideration of its Motion to Dismiss Pursuant to FRCP 12(b)(6).  The Motion for Reconsideration came on for hearing on April 26, 2006.  No opposition was received from the Plaintiffs.  For the following reasons, the Motion for Reconsideration is hereby GRANTED.  The Court's Order and Reasons dated March 28, 2006 is hereby VACATED, as well as the order to remand the case to the 24th Judicial District Court, Parish of Jefferson, State of Louisiana.

### I.  Factual and Procedural Background

This case deals with the payment of insurance claims under health insurance plans offered by Defendant United Healthcare of Louisiana, Inc.  Plaintiff Allergy Solutions of Louisiana ("Allergy Solutions") operates a number of medical clinics which are primarily located in Jefferson Parish, Louisiana.  As has become customary in medical practice, Allergy Solutions received assignments of rights from its patients for payment of covered medical services due under health insurance plans provided by United.  Between June 23, 2004 and August 23, 2004, Allergy Solutions claims that it submitted proofs of loss to United, and that United did not pay these claims until February 2005.  Moreover, Allergy Solutions alleges that United refused to pay these claims until the Louisiana Department of Insurance intervened on

behalf of Allergy Solutions.

Allergy Solutions filed the instant suit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, on June 14, 2005.  Allergy Solutions only seeks penalties, costs, and attorneys' fees under the provisions of Louisiana Revised Statutes section 22: 657, *et seq.*, which address the bad faith of insurance companies in processing claims.

United filed a timely Notice of Removal to this Court on July 14, 2005, and argued that the Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1332(a).  United argued that the Plaintiff's claims "relate to an employee welfare benefit plan" and as such are covered by ERISA.

On August 18, 2005, United filed a Motion to Dismiss the claims of Allergy Solutions, and argued that Plaintiffs claims were completely preempted by ERISA.  Due to Hurricane Katrina, the original hearing date was reset to November 23, 2005.[1]  Upon review of the parties' arguments, the Court found that this motion was more appropriate for disposition via a motion for summary judgment, and set a new hearing date for March 17, 2006.  *See Bolen v. Dengel*, 340 F.3d 300, 312 (5th Cir. 2003) (noting the power of a district court to convert a motion to dismiss into a motion for summary judgment).

While the Plaintiff filed a new brief and supporting documents by the Court's deadline of March 17, the Defendant did not.  Accordingly, on  March 28, 2006, the Court granted summary judgment for Plaintiffs and remanded the case to the 24th Judicial District Court for the Parish of Jefferson, Louisiana.  On the same date, March 28, after the Court's remand order was entered

---

[1] The Court notes that this hearing date was reset as a courtesy after several attempts to contact counsel for Plaintiffs, as Plaintiffs had never filed a response to United's motion to dismiss.

but without the Defendant's knowledge that it had been entered, Defendant requested leave to file a Supplemental Memorandum regarding the motion for summary judgment. In the Supplemental Memorandum, Defendant informed the Court that it was unable to comply with the Court's deadline for briefing regarding summary judgment because Plaintiffs had failed to cooperate in court-ordered discovery. The Court denied Defendant's motion for leave to file the Supplemental Memorandum and asked the Defendant to re-urge the arguments via a Motion for Reconsideration. That Motion for Reconsideration is presently before the Court, and no opposition has been received from the Plaintiffs.

## II. Defendant's Motion for Reconsideration

A recent Fifth Circuit case summarizes the Court's standard of review of a motion for reconsideration of summary judgment:

> Under extraordinary circumstances, a court may entertain a motion for reconsideration in the light of evidence not in the summary judgment record. However, an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration. [There are] several factors to consider when a party seeks to upset a summary judgment by producing additional evidence: (1) the reasons for the moving party's default, (2) the importance of the omitted evidence to the moving party's case, (3) whether the evidence was available to the movant before the nonmovant filed the summary judgment motion, and (4) the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened.

*ICEE Distributors, Inc. v. J&J Snack Foods Corp.*, --- F.3d ---, No. 04-30060, 2006 WL 925622 at *6 (5th Cir. Apr. 11, 2006) (internal citations and quotations omitted).

The instant Motion for Reconsideration clearly meets the above standard. Defendant is petitioning the Court to compel the Plaintiffs to produce evidence that should have been

presented at the time of summary judgment.  The reason that Defendant was unable to bring this evidence forward was the failure of the Plaintiffs to comply with court-ordered discovery; thus, there is little to no prejudice to the Plaintiffs in reopening the matter.  Moreover, the evidence at issue is central to the Court's determination of the summary judgment – whether the plans at issue fall with ERISA's government plan exception.

For all these reasons, the Court is compelled to vacate the summary judgment granted to Plaintiffs.  Additionally, the Court requires Plaintiffs to comply with the Defendant's discovery requests as soon as possible in order to resolve this issue quickly.

## III.  Conclusion

Accordingly, IT IS ORDERED that Defendant's Motion for Reconsideration is GRANTED.  The Court's Order and Reasons dated March 28, 2006 is hereby VACATED, as well as the order to remand the case to the 24th Judicial District Court, Parish of Jefferson, State of Louisiana.

IT IS FURTHER ORDERED that the Plaintiffs shall respond to Defendant's discovery requests no later than June 15, 2006.  IT IS FURTHER ORDERED that the parties shall submit renewed briefs on Defendant's Motion for Summary Judgment no later than June 30, 2006.

New Orleans, Louisiana, this   12th    day of May, 2006.

_____
UNITED STATES DISTRICT JUDGE